BOWDEN, Trustee, Respondent, *v.* GABEL, Appellant.

(No. 7,703.)

(Submitted November 9, 1937.   Decided November 20, 1937.)

[76 Pac. (2d) 334.]

478

*Mr. J. R. Wine,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Lester H. Loble, Mr. Hugh R. Adair* and *Mr. Melvin E. Magnuson,* for Respondent, submitted a brief; *Mr. Adair* and *Mr. Magnuson* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendant from a judgment in favor of plaintiff awarding relief under our usury statute, section 7727, Revised Codes. By agreement the cause was tried to the court without a jury.

The facts as disclosed by admissions in the pleadings, by undisputed evidence, or by that most favorable to plaintiff when in conflict, were these: Defendant Gabel loaned to the Barnett Iron & Machinery Company, a corporation, the sum of $4,500 on October 31, 1931. The machinery company, to evidence the indebtedness, executed and delivered to Gabel a promissory note in the sum of $5,000, payable in six months and bearing ten per cent. interest. At the same time the machinery company executed two mortgages—one a chattel and the other a real estate mortgage—to secure the payment of the note. On the following dates interest payments were made on the note in the amounts set out after each date:

| | |
|---|---:|
| February 18, 1932 .........................$ | 62.50 |
| February 24, 1932 ......................... | 62.50 |
| May 9, 1932 ............................... | 125.00 |
| November 4, 1932 ......................... | 291.67 |
| August 17, 1933 ........................... | 125.00 |
| October 30, 1933 .......................... | 125.00 |
| October 17, 1933 .......................... | 140.30 |
| December 2, 1933 .......................... | 125.00 |
| May 22, 1934 .............................. | 100.00 |
| June 13, 1934 ............................. | 100.00 |
| June 31, 1934 ............................. | 55.00 |
| December 19, 1934 ........................ | 147.50 |
| Total .................................... | $1,459.47 |

There had been payments in the aggregate of $500 on the principal of the note. On August 31, 1932, the machinery company paid an additional sum of $100, which defendant receipted for as "Bonus for four months to Aug. 31, 1932," but which defendant said he received as a present. On November 4, 1932, the machinery company also paid $100, which was receipted for by defendant as "Bonus on same note to date 4 months." This action was instituted on May 11, 1935. The total interest paid within two years immediately preceding the filing of the complaint was $917.30. The machinery company prior to the in-

484

stitution of this action was adjudged a bankrupt, and plaintiff Bowden was appointed trustee by the United States District Court and by that court authorized to commence this action.

The court by its judgment provided, first: That the principal of the note be reduced by $500, in addition to the reduction of $500 by payments made; second, that the defendant collect no interest on the note or any part thereof; third, that plaintiff be allowed a credit on the note as thus reduced of double the amount of $917.30, or $1,834.60.

The principal point involved is whether the sum of $500, the difference between the face of the note and the amount of money loaned to the machinery company, was compensation for the use, or forbearance, or detention of money so as to constitute interest within the meaning of section 7723. Defendant contends that it was not. His contention, he asserts, is supported by the court's finding No. 8, reading: ''The defendant by a preponderance of the evidence proved to the satisfaction of the court that when the loan in question was solicited from him that he did not have funds to make such loan and that the president of Barnett Iron & Machinery Company (whose trustee the plaintiff now is), over a period of sixty days or more repeatedly requested and urged the defendant to get the funds necessary for the making of a loan and voluntarily offered the defendant a fee or commission of $500 for his time and trouble, inclusive of the use of his credit standing at a Helena bank, in raising the money necessary to make such loan; that said defendant finally, and on October 31, 1931, by the use of his credit standing, borrowed $4,000 from a Helena bank, on his own note, bearing 8% per annum interest, and added thereto $500 in cash of his own money, producing a total of $4,500 in cash, and on such date delivered said sum to Barnett Iron & Machinery Company, and took a note on said date in the sum of $5,000, representing said cash loan of $4,500 and his fee of $500, and bearing interest at the rate of 10% per annum and payable in six months.''

The trial court did not regard paragraph 8 of its findings of fact as a determination that the $500 was not for the use, for-

bearance or detention of money. The court, in apparent recognition of the fact that a lender may exact a fee for a loan of his credit or for services or expenses involved in making the loan without violating the law of usury, made a finding that the facts found in paragraph 8 did not make out such a case. It expressly found ''that there was no service rendered by the said Gabel to the Barnett Iron & Machinery Company, nor was there any loan of his credit by said Gabel to the Barnett Iron & Machinery Company,'' and ''that no lawful or legal consideration was or is given by the defendant for the said sum of $500 included as principal in said promissory note of the principal sum of $5,000.''

The maximum interest rate allowed by our statute is ten per cent. per annum. (Sec. 7726, Rev. Codes.) It is, of course, elementary that ''a contract or obligation for the payment of a sum of money larger than that actually lent to or due from the debtor is usurious if the difference between the face amount of the obligation and the sum actually received or owed by the debtor, when added to the interest, if any, stipulated in the contract, exceeds the return permitted by law upon the sum actually so received or due.'' (66 C. J. 210.) But it is equally well settled that ''a lender may properly exact from a borrower, in addition to interest at the highest lawful rate upon the money lent, reasonable fees or compensation for services rendered, or reimbursement of expenses incurred, in good faith, by the lender or his agent, in connection with the loan, without thereby rendering the transaction usurious, even though the services rendered or acts done be such as would ordinarily be performed by the lender in his own interest. A lender will not, however, be permitted to cloak usurious exactions beneath charges for pretended services or expenses, and a bonus or premium for a loan is no less usurious because stated to be by way of compensation for services, where no services were rendered. The items of service or expense for which a charge may be made are those only which are incidental to the loan, and a lender may not, as a means of extracting additional interest or profits, charge the borrower for expenses which are not

incidental to the loan." (66 C. J. 230; *Connor* v. *Minier,* 109 Cal. App. (Supp.) 770, 288 Pac. 23.)

Here there was no evidence of any services or expenses incidental to the making of the loan by defendant to the machinery company. Such services or expenses are usually for examination of title, inspection or preparation of papers, traveling expenses and the like. There were no services rendered by defendant to the machinery company, and defendant makes no claim that any expenses were incurred in making the loan.

In explaining the purpose of the $500 being included in the note, defendant testified: "He [meaning Mr. Barnett] said he couldn't get any money anywheres and I just told him I had to pay 8% and wouldn't consider lending for that. That is $100 at 2%, and so it was a bonus or compensation or whatever you want to call it. * * * I figured it was worth something to use my credit, more than 2%. I didn't demand it; he made the proposition and I took the $500 he gave me." The mere fact that defendant had to borrow the money which he lent to the machinery company furnishes no justification for receiving usurious compensation for the loan. (*Van Tassell* v. *Wood,* 12 Hun (N. Y.), 388; *Osborn* v. *Payne,* 111 Mo. App. 29, 85 S. W. 667.)

Defendant contends that he was entitled to be paid the $500 as a fee or commission for lending his credit. Adjudicated cases support the right of the lender to charge whatever price he may obtain for loaning or selling his credit. (66 C. J. 191.) But the court properly found that there was no lending of credit by the defendant to the machinery company here. He simply borrowed the sum of $4,000 from a bank and then, by a separate transaction, loaned $4,500 to the machinery company. This did not warrant a charge in excess of the legal interest rate. (*Chakales* v. *Djiovanides,* 161 Va. 48, 170 S. E. 848; *Osborn* v. *Payne,* supra.) No useful purpose would be subserved in here pointing out the difference between a loan of money, on the one hand, and a sale or loan of credit, on the other. Some courts have had occasion to differentiate between the two transactions. (See note 104 A. L. R. 245.) It is suffi-

cient to say that the court did not err, under the evidence in this case, in finding that there was no loan of his credit by defendant to the machinery company.

Defendant contends that the requisite intent was not shown here to establish usury. This contention cannot be sustained, for it is well settled that the voluntary taking of more than the legal rate of interest constitutes usury. The only intent necessary is the intent to take more interest than the law permits. Usurious intent is implied if excessive interest is intentionally taken. It is of no consequence that there was no specific intent knowingly to violate the law. (*Atlas Realty Co.* v. *House,* 123 Conn. 94, 192. Atl. 564; *Chandler* v. *Cooke,* 163 Miss. 147, 137 So. 496; *Joy* v. *Provident Loan Society,* (Tex. Civ. App.) 37 S. W. (2d) 254; *First Nat. Bank* v. *Cotton,* 231 Ala. 288, 164 So. 371; 66 C. J. 177.)

Defendant next complains that the court granted more relief to plaintiff than the pleadings warranted. The complaint originally filed contained this prayer: ''Wherefore plaintiff prays judgment against the defendant that the said note and mortgages and the transactions relating thereto as herein alleged, be adjudged usurious and illegal; that plaintiff have judgment against the defendant for twice the sum of nine hundred seventeen dollars and thirty cents ($917.30), and for his costs.'' At the conclusion of plaintiff's evidence, over defendant's objection plaintiff was permitted to amend the prayer of the complaint by inserting after the figures ''$917.30'' the following: ''and twice the sum of $500.'' Whether this amendment should have been allowed we need not determine. The court did not award to plaintiff twice the sum of $500, but simply reduced the note by the amount of $500 and ordered that the note, as reduced, bear no interest. The other relief granted was that of crediting the note with the sum of $1,834.60. As to the latter item, the defendant makes no objection, save the objection going to the merits of the case which we have already discussed.

488

As to relief granted in other respects, defendant contends ▮ that the complaint was not sufficient. He contends that before the plaintiff could have the note reduced by $500, a demand therefor must have been made by plaintiff to defendant before suit. This contention rests upon an erroneous interpretation of section 7727. That section provides:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section shall be deemed a forfeiture of a sum double the amount of interest which the note, bill, or other evidence of debt carries, or which has been agreed to be paid thereon.

"When a greater rate of interest has been paid, the person by whom it has been paid, his heirs, assigns, executors, or administrators may recover from the person, firm, or corporation taking, receiving, reserving, or charging same a sum double the amount of interest so paid; provided, that such action shall be brought within two years after the payment of said interest; and provided, that before any suit may be brought to recover such usurious interest, the party bringing suit must make written demand for return of said interest so paid."

The statute clearly contemplates that demand must be made for the return of interest paid, and suit therefor must be brought within two years after its payment. There was here strict compliance with the statute as to the item of $1,834.60. Such demand, however, need not be made to obtain the relief provided for in the first paragraph of section 7727. (*Miller* v. *Oklahoma State Bank*, 53 Okl. 616, 157 Pac. 767.) The complaint was sufficient to warrant the action of the court under the first part of section 7727 in reducing the amount of the note by $500, and in directing that the principal of the note, as reduced, should bear no interest. Likewise, the two-year limitation within which the action must be brought to recover interest paid, under the second part of section 7727, has no application to relief under the first part of that section. (See *First Nat. Bank of Peterborough* v. *Childs*, 130 Mass. 519, 39 Am. Rep. 474, second appeal, 133 Mass. 248, 43 Am. Rep. 509; *Baker* v.

*Lynchburg Nat. Bank,* 120 Va. 208, 91 S. E. 157; *Young* v. *Covington First Nat. Bank,* 22 Ga. App. 58, 95 S. E. 381.)

Whether the court could have granted more relief under the first paragraph of section 7727, by providing for a forfeiture of ''double the amount of interest which the note　＊　＊　＊ carries or which has been agreed to be paid thereon'' we need not now determine, since plaintiff has raised no question on this point either by a cross-appeal or by cross-assignment of error. There was ample authority under the statute to grant the relief which was given, and this whether the prayer of the complaint was amended or not.

Whether plaintiff could have sought in one action the relief provided for in both parts of section 7727, and whether the relief provided for in the first part of that section could only be awarded by way of defense in an action seeking to recover on the note, or other evidence of indebtedness, need not be here determined (but compare *Mitchell* v. *Joplin Nat. Bank,* 200 Mo. App. 243, 204 S. W. 1125), for those questions are not here involved but were expressly waived by stipulation of the parties.

It appears from the record here that there is another action pending to foreclose the mortgages given to secure the note in question wherein the same issues of usury were raised as in this case, and the parties stipulated in this action that all issues relating to usury be determined in this action and that the judgment herein be binding upon both parties on those issues in the other action pending.

The judgment is affirmed.

Mr. Chief Justice Sands and Associate Justices Stewart, Anderson and Morris concur.

Rehearing denied February 24, 1938.