ARROWHEAD, INC. a Montana Corporation, Plaintiff and
Appellant, v. SAFEWAY STORES, INCORPORATED et al.,
Defendants and Respondents.

No. 14077.
Submitted Nov. 21, 1978.
Decided Dec. 5, 1978.
587 P.2d 411.

Hash, Jellison, O'Brien & Bartlett, Kalispell, Kenneth O'Brien (argued), Kalispell, for plaintiff and appellant.

George P. Sarsfield (argued), Butte, for defendants and respondents.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Plaintiff appeals from a judgment of the District Court, Deer Lodge County, discharging and releasing plaintiff's mechanics liens on defendants' property and dismissing its complaint of usury against defendant.

On November 16, 1973, plaintiff contracted with defendant for the construction of a new Safeway store in Anaconda, Montana. The written contract contained a final completion date of April 10, 1974. The final contract price, after all modifications of the agreement, was $499,506.25.

The contract required plaintiff contractor to obtain bank financing for construction costs. On December 3, 1973, the parties executed Change Order No. 1. This change order provided that defendant would pay plaintiff on a monthly basis for all work completed; that defendant could deduct interest from the final payment if the work was not completed by the completion date; interest was to be ½ of 1 percent in excess of the New York Prime Rate in effect on the 51st day following the completion date and was to be com-

puted on the total amount of money already paid to plaintiff. The contract contained a liquidated damage clause requiring plaintiff to pay defendant $100 for each day the job was unfinished after the contracted completion date.

By later change orders, defendants extended the construction completion date to May 31, 1974. At that time the new store was not actually completed and plaintiff was allowed to finish numerous items after this date. Plaintiff finally satisfied all obligations for this construction project on October 28, 1974.

Defendants paid plaintiff a total amount of $487,534.77. In arriving at this figure, defendant deducted $5,300 in liquidated damages and $6,671.48 in interest from its final payment to plaintiff. The liquidated damages were calculated at $100 per day for the 53 day period from May 31, 1974, the extended completion date, to July 24, 1974, when defendants accepted the job as complete. Interest commenced on July 21, 1974 and ran to September 4, 1974, a period of 47 days, with interest at 12½ percent per annum.

Plaintiff brought suit against defendant to foreclose its mechanics lien on August 11, 1976. Plaintiff sought recovery of the $11,971.48 held back by defendants as liquidated damages and interest. In April, 1977, plaintiff sought leave to amend its complaint to add its allegations of usury. Leave to amend was denied. However, the court subsequently allowed plaintiff to plead its claim of usury in its reply to defendant's affirmative defenses. Plaintiff sought $29,482 damages for usury.

The case was tried by the court, sitting without a jury, in May 1977. The District Court entered its findings, conclusions and judgment on September 8, 1977, providing in substance that plaintiff had been granted proper extensions for completion of construction; that defendant had properly withheld $5,300 in liquidated damages for failure to complete construction by the contract completion date; and that plaintiff's claim of usury was barred by the statute of limitations. Plaintiff appeals.

The underlying issue on appeal is the sufficiency of the evidence to support the District Court's findings of fact and conclusions of

law. Specifically, plaintiff questions the findings and conclusions in two areas:

1. The finding and conclusion that defendant granted plaintiff sufficient extension of time to complete the contract and therefore defendant could properly withhold liquidated damages for the days the job was unfinished after the completion date.

2. The finding and conclusion that plaintiff's usury claim was barred by the two year statute of limitations.

We have announced our standard of review in cases involving the sufficiency of the evidence to support the findings, conclusions and judgment in this language:

"When reviewing findings of fact and conclusions of law of a district court, sitting without a jury, this Court has repeatedly held such findings and conclusions will not be disturbed if supported by substantial evidence and by the law. *Compton v. Alcorn*, 171 Mont. 230, 557 P.2d 292; (1976); *Brady v. State Highway Comm'n*, 163 Mont. 416, 517 P.2d 738; *Timmerman v. Gabriel*, 155 Mont. 294, 470 P.2d 528; *Wash. Water Power Co. v. Morgan Electric Co.*, 152 Mont. 126, 448 P.2d 683. When reviewing evidence it will be viewed in the light most favorable to the prevailing party in the district court, and the credibility of witnesses and the weight assigned to their testimony is for the determination of the district court in a nonjury trial. (Citations omitted.)" *Luppold v. Lewis* (1977), 172 Mont. 280, 563 P.2d 538, 540, 541.

Plaintiff first contends that it encountered a number of delays in constructing defendants' store which were not of its own making. It maintains that the evidence shows that these delays amounted to a total of 144 days. Defendants only granted plaintiff 51 days, so plaintiff is entitled to additional 93 days.

Applying the foregoing standard of reviews, we hold that the District Court's findings and conclusions that plaintiff was given sufficient extensions of time are supported by the evidence.

At trial, plaintiff broke down the 144 days in delays as follows: 21 days lost due to cold weather; 37 days lost due to the wind and

the chill factor; 20 days lost due to a flood of the site; 19 days lost due to a strike; 10 days lost because of a shortgage of fuel; 22 days lost because of owner caused delays; and, 15 days due to a shortage of materials.

Plaintiff's comptroller testified that the 51 days in extensions granted by defendants can be broken down as: 18 days for the strike; 18 days for the flood and weather related problems, and 15 days for material shortages. Plaintiff's construction manager testified that the 18 days for the strike was a sufficient extension for that delay. The 15 days for material shortage requested by plaintiff is what they were given by defendant for this delay. Thus, the question before this Court is whether plaintiff is entitled to additional extensions of time for the flood and weather problems; and extensions due to the shortage of fuel and alleged owner caused delays.

With regard to the delays from the flood, cold weather, and wind, the evidence shows that plaintiff was given an 18 day extension for these delays. Defendants' architect testified that plaintiff's job reports indicated only a 7 day delay in construction due to the flood. Plaintiff's construction manager testified that they were delayed 20 days. The trial court resolved this conflict in the testimony in favor of the architect and refused to grant plaintiff an additional 20 days. As for the cold weather and high wind difficulties, defendant's architect and plaintiff's construction manager testified that winter weather is a factor that is considered in submitting a bid for a winter construction project. Plaintiff's construction manager and the rest of plaintiff's witnesses were not familiar with weather conditions in Anaconda in the winter. Thus, the evidence shows that plaintiff did not take the weather in Anaconda into consideration when it submitted its bid, which it should have done. Under those circumstances, we find that defendants granted plaintiff sufficient extensions of time for the flood, cold weather, and wind difficulties encountered by plaintiff.

Plaintiff's construction manager was not sure how many days it was delayed because of a shortage of fuel. He testified that plaintiff lost 5 or 10 days due to this problem. He also testified that at the

beginning of construction plaintiff was bringing its fuel oil down from Kalispell because its requests for obtaining fuel in Anaconda had not been approved by the State of Montana. His testimony further indicates that defendants had offered to allow plaintiff to hook up to the natural gas line in the existing store to keep their heaters operating. However, until late in the construction project, plaintiff was using fuel oil heaters and not natural gas heaters. The evidence then shows that if plaintiff had obtained approval of his fuel allocations prior to the start of construction and had used natural gas heaters in an earlier state of construction, it would not have needed any extensions for an alleged fuel shortage. The District Court properly found that plaintiff was not entitled to any extensions for a shortage of fuel.

Plaintiff alleges a 22 day delay was caused directly by defendants. Specifically, it argues that defendants delayed in approving the heating and electrical subcontractor and in failing to supply plaintiff with sufficient copies of the plans and specifications. The evidence reflects that the problem of approval of the heating and electrical subcontractor arose because plaintiff had only obtained one bid for this work and defendants suggested they contact some other subcontractors requesting bids. When no other bids were forthcoming, the subcontractor was approved. As for the lack of sufficient copies of the plans and specifications, all plaintiff had to do was to make copies. We can find no merit to plaintiff's claim of owner-caused delays.

The District Court, in refusing to grant plaintiff the additional extensions it requested, found that a number of alleged delays were overlapping and concurrent in character. Plaintiff argues that the court erred in making such a finding. We disagree.

It was plaintiff's construction manager who testified as to the number of days lost by each delay. On cross-examination, he admitted that a number of the delays were overlapping and concurrent in character. On redirect, he testified that in determining the number of days lost by each delay he tried to eliminate any overlap in the delays. This became then a matter of credibility. As we said

in *Luppold v. Lewis,* supra, the question of credibility of the witness is for the trial court. Here, the District Court decided to believe the construction manager's statement that the delays were overlapping and concurrent. We will not interfere with that factual determination.

The District Court's findings and conclusions on the extensions of time are supported by the evidence.

■ Next, we turn to plaintiff's claim of usury. The District Court found that the usury claim was barred by the two year statute of limitations contained in section 47-126, R.C.M.1947. Plaintiff argues that the court erred in making this finding. They maintain that evidence shows that the two year statute of limitations has no application to their claim. We disagree.

Assuming, without deciding, that the contract here is subject to the usury law, we hold that the evidence supports the finding that plaintiff's claim is barred by the two year statute of limitations.

Section 47-126 provides:

"The taking, receiving, or charging a rate of interest greater than is allowed by the proceeding section shall be deemed a forfeiture of a sum double the amount of interest which the note, bill or other evidence of debt carries, or which has been agreed to be paid thereon.

"When a greater rate of interest has been paid, the person by whom it has been paid, his heirs, assigns, executors, or administrators, may recover from the person, firm, or corporation taking, receiving, reserving, or charging same a sum double the amount of interest so paid; provided, that such action shall be brought within two years after the payment of said interest; and provided, that before any suit may be brought to recover such usurious interest, the party bringing suit must make written demand for return of said interest so paid."

Plaintiff insists that his claim for usury is based upon the first paragraph of this section and therefore not barred by the two year statute of limitation. This Court has held that the two year statute

of limitations does not apply to the first paragraph. *Bowden v. Gabel* (1937), 105 Mont. 477, 76 P.2d 334. However, in *Bowden*, we did not rule on whether the relief provided in this paragraph could only be awarded by way of defense to a debt action. In a later case, this Court held that relief under the first paragraph of section 47-126 could only be granted as a defense to a suit for a debt. *Montana National Bank of Bozeman v. Kolokotrones et al.* (1975), 167 Mont. 92, 535 P.2d 1017. We pointed out that in suits against an alleged usurer the two year statute of limitations applied. Thus, we find that the statute is applicable to plaintiff's claim of usury.

█ We further find that the evidence shows that plaintiff's claim is barred by this statute. Plaintiff's exhibits shows that defendants withheld the interest in the payment of February 20, 1975. On March 20, 1975, a portion of this interest was returned to plaintiff. Withholding of interest by defendants has the same effect as payment of interest under our usury statute. Section 47-126 requires that an action to recover interest that has been paid must be brought within two years of the payment. In this case, this would mean that plaintiff must commence his action to recover the interest by February 20, 1977. Plaintiff failed to raise his claim of usury until April, 1977 after expiration of the two year period. Plaintiff's claim was barred by the statute of limitations. The District Court was correct in so finding.

Having held that the findings, conclusions, and judgment of the District Court are supported by the evidence, the judgment is affirmed.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.