[Civ. No. 2615. First Appellate District, Division One.—December 13, 1918.]

## S. S. RUSSELL, Respondent, v. A. M. RUSSELL et al., Appellants.

CONTRACT — SALE OF BUSINESS—DEFAULT—RIGHT TO ENGAGE IN SIMILAR BUSINESS.—Where the purchasers under an executory contract for the sale of a business wherein termination of the contract as the only penalty provided in event of the purchasers' default, are given possession of the business and thereafter make default and return the business to the seller, they do not lose their right to engage in a similar business in the same town, and cannot be enjoined from so doing, notwithstanding they executed a bill of sale to the seller purporting to sell and assign to him all of their right, title, and interest in the business together with the stock and goodwill, since such bill of sale conveyed nothing because the purchasers had nothing to convey.

ID.—GOODWILL OF BUSINESS—OWNERSHIP—CONVEYANCE.—The goodwill of a business is something inseparable from the ownership thereof, and cannot be conveyed by one party while the business to which it attaches is owned by another party.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Reversed.

The facts are stated in the opinion of the court.

C. M. Crawford and Ben C. Jones for Appellants.

H. V. Keeling and Robert Duncan for Respondent.

LENNON, P. J.—This is an appeal from a judgment for the plaintiff. The action was instituted to recover from defendant the sum of five thousand dollars damages, and to obtain an injunction restraining the defendants from carrying on the business of undertakers in the town of Lakeport, California. Judgment was entered in favor of plaintiff for damages in the sum of one thousand dollars, and also granting the injunction prayed for.

The facts, briefly stated, are as follows: The plaintiff is the father of the defendant, A. M. Russell, and the two defendants are husband and wife. In the year 1913, the plaintiff purchased an established undertaking business, and the stock thereof, and employed the defendants, who are experienced undertakers, to operate and conduct the said business for him. At this time it appears that plaintiff orally gave the defendants the right to purchase the said business upon terms agreed upon between them. This arrangement continued until the 23d of April, 1914, when the parties entered into a written executory contract of purchase and sale of the said business. Under this executory contract, the defendants were put into possession of the business. The agreement provided that after all payments therein provided for had been made by the defendants to the plaintiff, that the plaintiff would execute to the defendants a bill of sale of the said business. In case of default in payments, the plaintiff reserved the right to terminate the contract of sale.

The defendants continued to conduct the business, under the terms of this executory contract of sale, up until March 29, 1916, when, owing to differences between the parties, and to the fact that nothing whatever had been paid by defendants upon the principal amount due under the agreement, the parties to the agreement canceled the same by mutual consent, and the said business, with all its incidents, was surrendered to the plaintiff. The cancellation of the executory contract was effected by indorsement in writing thereon. At the same time the defendants executed a bill of sale of the said business, purporting to sell, assign, and transfer unto the plaintiff "All our right, title and interest in and to the undertaking business

heretofore and now carried on by us . . . together with all stock and tools of every description pertaining to said business, the goodwill thereof, books of account, burial records, wagons and harness, and all else whatsoever belonging or pertaining to said business, including all accounts due and owing to said business at this date.'' The consideration named in this document was that the plaintiff would assume and pay certain enumerated outstanding accounts payable.

Shortly after the above settlement between the parties, defendants opened up in the town of Lakeport, under a new and distinctive name from that formerly used in the old business, a new undertaking business, and continued to conduct the same until enjoined by the judgment of the superior court herein.

The plaintiff contends that by the bill of sale, quoted in part above, the defendants sold to him the goodwill of the business, and by such sale they are precluded from setting up an opposing business in the same town.

The original executory contract of sale certainly vested no title to the business in the defendants. Its cancellation, after defendants' default in payments, was a right which the plaintiff had under the very terms of the agreement. The purported bill of sale given at the same time by the defendants to the plaintiff certainly conveyed nothing, because the defendants had nothing to convey. It purported to convey all defendants' right, title, and interest in the business and goodwill thereof. But such right, title, and interest amounted to nothing whatever, because no title had been vested in the defendants by the executory contract. Their only right thereunder was a right to a conveyance after the completion of all the payments. No payments having been made, they had no rights whatever, and if there was any question about this matter, it was settled by the cancellation of the executory contract by mutual consent, which expressly released both parties from any obligations under that agreement. If, therefore, the plaintiff, under said purported bill of sale, agreed to assume any bills for which he was not previously liable, he did so without consideration.

The plaintiff contends that the defendants conveyed to the plaintiff, by this purported bill of sale, the goodwill of the business. We think the goodwill of a business is something inseparable from the ownership thereof. The goodwill of a

business cannot be conveyed by one party, while the business to which it attaches is owned by another party. (*Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380, [78 Pac. 879].) The defendants did convey all their right, title, and interest in the goodwill of the business to the plaintiff, but their conveyance amounted to nothing, as they had no title whatever to the business. It cannot, therefore, be argued that the defendants impliedly agreed not to engage in a similar business in Lakeport. They were under no obligation to refrain from engaging in such business before entering into the executory contract of purchase and sale. The entire transaction presents nothing more than a possession under an executory contract, a breach of the contract, and a return of the property to the seller. Certainly the defendants have not lost their right to engage in business by reason of such a transaction.

The facts may present a case of hardship upon the plaintiff, but we think he was bound to protect himself against the failure of the defendants to keep their contract. Since he merely provided that, in case of default, the business should be returned to him and the contract canceled, the courts cannot give him an additional remedy because of an incidental loss which he seems not to have taken into consideration when he made his contract.

The judgment is reversed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.