[Civ. No. 23577.   Second Dist., Div. Two.   June  24,  1959.]

GEORGE S. HAAS, Appellant, v. JAMES C. HODGE, Respondent.

Robert M. Bushnell and Ralph R. Sleeper for Appellant.

Alpern & Vallier and Robert Vallier for Respondent.

ASHBURN, J.—This case arises from a contract for the association of two doctors in the practice of medicine.   The relationship having terminated, plaintiff Dr. George S. Haas

brought suit against defendant Dr. James C. Hodge to obtain an injunction against his practicing within 25 miles of plaintiff's offices, for damages and other relief. Judgment went for defendant and plaintiff appeals therefrom.

The contract (received in evidence as Exhibit 3) provides: "It is hereby stipulated and agreed by the parties that in the event this agreement is terminated for any reason whatsoever, that from and after the said termination, Dr. Hodge shall not maintain an office for the practice of his profession at any place within a radius of 25 miles from the said office of Dr. Haas." Also: "That Dr. Hodge expressly hereby disclaims, absolutely and irrevocably, any right or claim of right to any the professional practice herein mentioned and referred to and to the good-will thereof."

Plaintiff's office is at 1200 West 80th Street in Los Angeles, and defendant, after the contract was terminated, opened an office for the practice of his profession in Inglewood, Los Angeles County, at a distance considerably less than 25 miles from plaintiff's location, some 5 miles therefrom.

Appellant's counsel has limited the appeal to the question whether defendant sold to plaintiff his interest in the good will of the business, thus falling within the validating effect of section 16601, Business and Professions Code, quoted *infra*. The trial court found: "That at no time during or after the association of plaintiff and defendant in their practice of medicine was there a sale of goodwill of the practice by either of the parties to the other." Appellant's brief says: "Plaintiff appeals and hereby limits the appeal to the question of the validity of the contract, Exhibit 3 introduced in evidence, that is to say, Appellant contends that the restrictive covenant in Exhibit 3 is valid and that the conclusion of the trial court to the contrary is erroneous as a matter of law. . . . This appeal is limited to a consideration of that point alone, *i.e.*, that Respondent Hodge by the terms of the contract, Exhibit 3, did lawfully transfer and sell to Appellant Haas all the interest he had acquired in the goodwill of the medical practice involved herein; that consequently, under the statutes, the restrictive covenant of Exhibit 3 [Par. 10] against opening an office near their West 80th Street office was valid and binding on both parties; that the ruling and finding of the trial court to the contrary is erroneous as a matter of law." Respondent's counsel joins in this restricted submission.

The question whether defendant sold or had any good will

to sell to plaintiff must be determined from the written contract, there being no parol evidence thereon. The parties undertook to define their relationship in these words: "IT IS EXPRESSLY AGREED AND STIPULATED by the parties that this association of these two practicing physicians and surgeons in the manner herein provided for is somewhat unique and unusual, and further, that it does not, as between the parties, in anywise constitute, nor shall it be deemed to constitute, a partnership, joint venture or contract of employment." An analysis of the writing discloses the defendant became an employee of plaintiff, or at least occupied a status akin to that of employee, and hence had no good will to sell. The fact that the parties have undertaken to define the legal result of the contract and have applied a mistaken legal conclusion to it cannot prevail over the correct legal result which flows from the acts they have undertaken to perform. ▮ It is held in respect to partnerships that a mistaken appellation in a contract cannot control the result. (*San Joaquin L. & P. Corp.* v. *Costaloupes,* 96 Cal.App. 322, 332 [274 P. 84]; *Constans* v. *Ross,* 106 Cal.App.2d 381, 386 [235 P.2d 113]; *Martyn* v. *Leslie,* 137 Cal.App.2d 41, 61 [290 P.2d 58]; *Singleton* v. *Fuller,* 118 Cal.App.2d 733, 740 [259 P.2d 687].) In the San Joaquin case it is said, at page 330: "The question thus presented hinges upon the construction of a written contract before us. . . . It may be stated that both parties concede that the determination of whether or not a partnership existed must result from a construction of the contract itself and the recitals therein contained." At page 332: "We may concede that a relationship of debtor and creditor is shown and also that the contract expressly declares that the parties thereto are not partners. However, this does not establish the fact that the parties did not intend to create a partnership between themselves or as to a third person. The parties did intend to create exactly the relationship as shown by the contract, but did not intend that relationship to be called that of partners. Their intention in this respect is immaterial. Appellant and respondent here concede that if the contract by its terms establishes a partnership between the parties, the expressed intent that it should not be so classed would be of no avail. ▮ It is the intent to do these things which constitute a partnership that usually determines whether or not that relation exists between the parties." The same principle is applicable here. (See 32 Cal.Jur.2d, § 8, p. 402.)

The subject agreement made on September 13, 1955, recites

that plaintiff, Dr. Haas, is practicing at 1200 West 80th Street, Los Angeles, that Dr. Hodge is also practicing at an unspecified address and the parties desire to associate in the practice. It is agreed that Dr. Hodge will devote his entire time and attention to such practice during the term of the agreement; the parties shall cooperate but in any case of disagreement the opinion or instructions of Dr. Haas shall be conclusive. The practice shall be conducted at Dr. Haas' offices and all expenses shall be borne by him. Dr. Hodge shall furnish his own automobile and shall receive $60 a month to defray the cost of its operation. All employees shall be paid by Dr. Haas and they shall be solely under his supervision and direction. All compensation paid by patients shall go to Dr. Haas and Dr. Hodge shall not participate in any division of same; nor shall Dr. Haas be required to make any accounting with respect to any monies received. All fees shall be fixed and adjustments made by Dr. Haas solely. Paragraph 4 says: "That it is not the intention of either of these parties to interfere with or dictate to the other how, any particular case shall be handled; nor to dictate the proper technique to pursue, nor to interfere in the diagnoses of cases, but nevertheless these parties may consult, one with the other, from time to time, as to all such matters." Dr. Hodge shall keep such records and make such reports as may be agreed upon but in case of any disagreement the discretion and instruction of Dr. Haas shall prevail. Dr. Hodge shall receive from Dr. Haas, until termination of agreement, "compensation for his services rendered hereunder" at the rate of $800 a month; unless the agreement is sooner terminated the compensation shall be increased on December 1, 1955, to $850 a month and gradually thereafter to and including the month of November, 1956, until the sum of $1,400 is reached; thereafter Dr. Hodge shall receive that monthly compensation until termination of the agreement, but after termination no further compensation whatsoever shall be paid him. Here follows paragraph 10 above quoted, which says that after the termination of such agreement Dr. Hodge shall not maintain an office within a radius of 25 miles from Dr. Haas' office. The contract is terminable by death or incapacity of either party or upon 30 days written notice given by either party. Then follows the provision to the effect that the contract shall not be deemed to constitute a partnership, joint venture or contract of employment, but that Dr. Haas may nevertheless procure Workmen's Compensation In-

surance "against other liabilities or hazards which may arise by reason of these parties associating together in the manner herein provided," the matter of procuring such insurance being a matter of Dr. Haas' sole discretion. Finally, there is the paragraph to the effect that Dr. Hodge disclaims absolutely and irrevocably any right or claim to "any the professional practice herein mentioned and referred to and to the good-will thereof."

This document bears most of the indicia of an employment agreement (*cf. Hamilton* v. *Salopek,* 71 Cal.App.2d 104, 106 [161 P.2d 955]) ; the only element lacking seems to be the right of immediate discharge without cause (see 32 Cal.Jur.2d, § 8, p. 405; § 9, p. 406). Of course, any contract can be terminated for substantial breach by one of the parties and this is true of an employment contract (Lab. Code, § 2924). If this is an employment contract defendant would acquire no part of the good will of the business. But it is not necessary to decide the specific question.

█ Whatever may be the technical status flowing from the contract it remains true that the last paragraph operates as a present renouncement of any interest in the "professional practice" of Dr. Haas or the good will thereof. This left Dr. Hodge with no inchoate right to future accruing good will, for the practice belonged to Dr. Haas and the good will belonged to him as an incident to ownership of the practice, present and future.

Section 16600, Business and Professions Code, provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Section 16601: "Any person who sells the good will of a business . . . may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold . . . has been carried on, so long as the buyer, or any person deriving title to the good will or shares from him, carries on a like business therein."

Defendant could not sell the present or future good will of the business in this instance, for the business and its good will belonged to plaintiff Haas. (See *Russell* v. *Russell,* 39 Cal.App. 174, 176-177 [178 P. 307].)

This does not imply that defendant could not have acquired a good will adhering to his own person and skill, one which would follow him to a new location; if in fact he did have such

a personal good will he did not sell or undertake to sell it to plaintiff, and as matter of law could not do so.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied July 23, 1959, and appellant's petition for a hearing by the Supreme Court was denied August 19, 1959.