No. 12368

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

BENNETT L. BRADY and KATHERINE T. BRADY,
husband and wife,

Plaintiffs and Appellants,

-vs-

THE STATE OF MONTANA, acting by and through
the STATE HIGHWAY COMMISSION OF THE STATE
OF MONTANA,

Defendants and Respondents.

---

Appeal from:    District Court of the Fourth Judicial District,
                Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellants:

        Mulroney, Delaney and Dalby, Missoula, Montana
        Stephen H. Dalby argued, Missoula, Montana

    For Respondents:

        N. A. Rotering, Helena, Montana
        Donald Douglas argued, Helena, Montana
        Leo J. Kottas Jr. argued, Helena, Montana

---

                        Submitted:  December 3, 1973

                        Decided:  DEC 2 8 1973

Filed:  DEC 2 8 1973

*Thomas J. Kearney*
                            Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment entered upon findings of fact and conclusions of law after trial without a jury. The action was tried by the Hon. Jack L. Green in Missoula County. At the time of trial a court reporter was not present. Subsequently, after a hearing had, Judge Green approved a final statement of evidence and proceedings.

Certain procedural matters on appeal, including timeliness and the above referred to preparation of a statement of evidence and proceedings in lieu of a transcript, give rise to issues on appeal that this Court will not discuss, since, as will appear hereinafter, a ruling on the merits produces the same result. That is, if the findings of fact and conclusions of law are supported by the evidence, the judgment will be affirmed.

Plaintiff-appellants are husband and wife and will be referred to herein as plaintiff. Defendant, respondent here, is the State of Montana, acting through the Department of Highways, and will be referred to as defendant.

Plaintiff purchased on a contract for deed from one Bakke, all of Block 54 of W. J. McCormick's Addition to the City of Missoula, Missoula County, Montana, according to the offical recorded plat thereof, except Lots "G" and "H" and the East 50 feet of said Block 54.

The north boundary of the property is bounded on the northerly side by a public thoroughfare known as "West Broadway". West Broadway has been for over thirty years improved and utilized as a state highway by defendant. When plaintiff bought the property he did not have a survey made. Plaintiff first became aware that a dispute existed when defendant's survey crew set survey stakes within nine inches of the front of a building located upon the property. The building fronts on West Broadway. The stakes represented the southerly edge of the West Broadway right-of-way.

- 2 -

Plaintiff's building contains a grocery store, barber shop, and fire extinguisher shop. The distance between the southerly edge of the traveled portion, as distinguished from the entire right-of-way, of West Broadway and the building is approximately 22 feet. The area between the building and the pavement has been utilized by plaintiff as parking for the businesses located in his building.

West Broadway is 99 feet wide. Everyone agrees to that, but, the location of the centerline is in dispute. The trial court found the centerline was on a straight course over city sewer manholes. The result of this finding is that from the centerline a distance of 49.5 feet south to the north boundary of plaintiff's property places the boundary 9 inches from his building.

Judge Green wrote a memorandum with his findings and conclusions which explains the problem:

"MEMORANDUM

"The official plat of McCormick Addition on file in the office of Missoula County Clerk and Recorder fails to show any lot depth for those lots located between Broadway (Cedar) and Pine Street. However, it does show that the lots directly to the east in the C.P. Higgins Addition are 138'6" deep. And further shows Broadway (Cedar) as extending in a straight line at the juncture of the two additions.

"The plat referred to in the testimony as being located in the Missoula Public Library shows lot depth for those lots located between Broadway (Cedar) and Pine at 130 feet. However, it shows the lots directly to the east in the C.P. Higgins Addition at 130 feet deep. And further shows Broadway (Cedar) extending in a straight line at the juncture of the two additions.

"It was obvious in both plats that the lots between Pine and Broadway (Cedar) were intended to be the same depth and Broadway (Cedar) was intended to be a straight street. In fact, this situation has been relied upon in construction both on the north and on the south sides of Broadway until the present dispute arose."

In 1948, this Court had the case of City of Missoula v. Bakke, 121 Mont. 534, 198 P.2d 769. Interestingly, the same person who sold Block 54 to plaintiff here was involved there. While the case involved different property on a different street, the same addition, that is McCormick's Addition, was involved. In that case Justice Adair noted that:

"'* * * the original plat of W. J. McCormick Addition had disappeared from the files of the Clerk and Recorder of Missoula County, but they have in what they call Plat Book, No. I, at page 9, a certified copy of the plat; and it has been the custom around Missoula for attorneys and landholders and abstracters and all to accept the plat as appears on page 9 of Plat Book I, records of the Clerk and Recorder, Missoula County, as the official plat of W.J. McCormick's Addition.'"

Now in 1973, as indicated in Judge Green's memorandum, a plat appears from the Missoula Public Library, not an official plat in the Clerk and Recorder's office.

Plaintiff brought the action to determine the correct northern boundary line of Block 54. Plaintiff's main witness was surveyor Richard Ainsworth. Defendant's main witness was an engineer, Tom Oertli. The two surveyors agreed they were unable to locate any original monumentation on West Broadway. They differed in their interpretations. Mr. Ainsworth testified that he could determine the boundaries of West Broadway by starting from another street, West Pine, and measuring south from there, using the distances of 130 feet for lot depths, basing such distances on what he termed the "official" plat found in the public library.

The survey notes of Ainsworth dated August 10, 1971, are part of the record and are:

"SURVEYOR'S NOTES

"...This survey was made at the request of the owner of the Northwesterly 250 feet of Block 54 of W.J. McCormick Addition to the City of Missoula, Montana.

...The survey was made to determine and show the true relationship between the platted and monumented centerline of West Pine Street (which are one and the same) and the platted and monumented centerline of West Broadway (Cedar) Street (which are from 16.3 feet to 16.8 feet apart).

...At one time portions of these two additions were recorded as one. This plat was the first subdivision plat on file for this area and is dated November 7, 1872. This plat is on file in the Missoula County Clerk & ᵣecorder's Office but unfortunatly has no dimensions. The plat was filed as 'Higgins & McCormick Addition' and does show West Broadway (Cedar) Street running straight through from Higgins Avenue to McCormick Street.

...The conflict arises when W.J. McCormick's addition and C.P. Higgins Addition were filed for record. W. J. McCormick's Addition (official copy on file in the Missoula County Library) was filed January 3, 1883 and indicated that the lots in the Blocks between West Pine Street and West Broadway (Cedar) Street were intended to be 130.00 feet in depth. C.P. Higgins Addition was filed for record on May 2, 1883 and it indicated that the same tier of lots between West Pine Street and West Broadway (Cedar) Streets were intended to be 138 feet 6 inches in depth.

...If this difference in lot depths does indeed exist it would make the centerline and the right-of-way lines of West Broadway (Cedar) Street jog by approximately 17 feet at a point where the two additions meet in the Block between Woody Street and Harris (Orange) Street.

...Existing monumentation in West Broadway (Cedar) Street as well as existing land use lines indicate that it has been assumed that this jog does not exist and it would appear that the depth of 138 feet 6 inches had been assumed to run straight through from C.P. Higgins Addition into W.J. McCormick's Addition. This is not what the official plats indicate but it is what the existing evidence on the ground would indicate has been used for years.

...The official plats of these two additions indicate no original monuments to be set so it is therefore assumed that all monuments which now exist are second generation. A search of all available records does not indicate where most of them came from although the Montana State Highway Dept. indicated some of the monuments in West Broadway (Cedar) Street were set by their survey crews over the years.

...A jog in the right-of-way lines on West Broadway (Cedar) Street would also affect the right-of-way lines on a portion of West Main Street and the building locations in Blocks 23, 24, 25, and 26 of W.J. McCormick's Addition which fall Southerly of West Broadway (Cedar) Street.

...The two monuments set during this survey on the Northerly boundary line of Block 54 of W.J.McCormick's Addition were set using platted distances from West Pine Street are were set without reference to existing monumentation in West Broadway (Cedar) Street or existing land use lines.

...It is not our intention with this survey to state where the proper location of West Broadway (Cedar) Street is but to show all evidence that exists."

As shown by Judge Green's memorandum and the survey notes of surveyor Ainsworth, the depth of the lots is the problem.

The burden of proof was on the plaintiff to establish the true location of the disputed boundary line. Reel v. Walter, 131 Mont. 382, 309 P.2d 1027. Plaintiff's evidence did not carry

this burden of proof. Ainsworth's testimony was conflicting in and of itself, between his testimony, his survey notes, and previous surveys done by his own firm.

Where boundaries are lost or uncertain they may be established by the best evidence under available circumstances. Ghoine v. State, 26 Wash.2d 635, 175 P.2d 955. Compare Buckley v. Laird, 158 Mont. 483, 493 P.2d 1070.

In 12 Am Jur 2d, Boundaries, §4, p. 550, it is stated:

> "A highway or street may be a monument, and in the absence of other controlling calls or landmarks which can be ascertained, the location and occupancy of a street as indicated by old buildings and fences, and by its use for many years, may be taken as practical evidence of the true location of the street, and the lines of the street may then determine the location of the boundaries of abutting lands * * *."

Further, in the absence of known monuments, the best evidence obtainable may be resorted to for the purpose of establishing a boundary line. Buckley v. Laird, supra; Coumas v. Transcontinental Garage, 68 Wyo. 99, 230 P.2d 748. In this instance, section 93-401-27(11), R.C.M. 1947, states:

> "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts:

> "* * *

> "(11) Common reputation existing previous to the controversy, respecting facts of a public or general interest more than thirty years old, and in cases of pedigree and boundary."

Clark on Surveying and Boundaries, 3rd Ed., § 288, p. 310, states in part:

> "'The rule rests on necessity, better evidence of the boundary having ceased to exist, and is justified on the theory that where many persons, members of a community more or less extensive, are interested in a common boundary, they will know where it is, and their common assent will prove what they know.' This is the rule promulgated in most of the United States, and for sound reasoning. It is a matter of justice and equity."

All of the above confirms that where the northerly boundary of West Broadway is uncertain or obliterated it can be proven by tradition, customary usage, and the way in which the buildings

on West Broadway have been built up. Once the northerly boundary of West Broadway has been established, testimony of plaintiff's own witness established that the distance from the northerly line of West Broadway to the southerly line is 99 feet.

The plats in the courthouse and the "library plat" share some negative characteristics: (1) none indicate that respective original surveyors set monuments in either the W. J. McCormick Addition or the C.P. Higgins Addition; (2) none indicate any distances from the purported monumented section corner and quarter corner to any point in either addition; (3) none indicate any angle from the north line of Section 21 to any interior line in either addition; and (4) none indicate any angle between interior lines within either addition or any angle between interior lines in the respective additions.

At the close of the testimony it was stipulated that Judge Green could look over the plats of the additions for the area and that his observations would be accepted as evidence as though introduced at the time of trial. He did go upon the ground and did go to the public library to look at the plat there.

Plaintiff makes one more assertion in his brief, that is that defendant should be estopped from asserting a claim to the property in question. There simply is no evidence giving rise to any estoppel. Plaintiff asserts that he has relied on the 1883 plat. However it is clear that the plat found in the public library is not what has been relied upon.

Having examined the record and the plats, however irregularly made a part of the record, we find that plaintiff failed in his burden of proof; and further, that the findings and conclusions of the trial court are supported by the evidence.

Accordingly, we affirm.

_Wesley Castles_
Justice

- 7 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 8 -