No. 13335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

DUANE L. COMPTON and SHIRLEY
COMPTON, husband and wife,

    Plaintiffs and Respondents,

 -vs-

FRED ALCORN d/b/a
ALCORN'S TRAILER CITY,

    Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
     Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

 For Appellant:

  John M. McCarvel argued, Great Falls, Montana

 For Respondents:

  LaRue Smith argued, Great Falls, Montana
  Cameron Ferguson appeared, Great Falls, Montana

---

       Submitted: October 20, 1976

       Decided: DEC 14 1976

Filed: DEC 14 1976

*Thomas J. Kearney*
        Clerk

Chief Justice James T. Harrison delivered the Opinion of the Court.

Defendant Fred Alcorn d/b/a Alcorn's Trailer City, appeals from a judgment for plaintiffs Duane L. Compton and Shirley Compton, husband and wife, entered in the district court, Cascade County, for rescission of a retail installment contract to purchase a three bedroom doublewide mobile home for $21,270 ($7,000 down, balance plus interest paid at $182.32 per month). The contract was entered into June 14, 1975, the mobile home delivered July 10, 1975, after payment of the down payment, and initial installation was completed four days later.

After this initial installation Comptons discovered these defects:

The home was not level; the two halves did not match up on the outside; the carpet was not properly laid along the seam of the two halves; the damaged dining room table was not exchanged as promised; slip covers were not furnished to cover small holes in the ribbing of the couch; the hanging and installation of a dining room light fixture and the master bathroom light fixture was not completed; the cross-over air duct, heat transfer systems, and electrical connection between the two halves were not completed; nine bolts were omitted underneath the trailer in connecting the two halves; the cabinet support around the dishwasher was broken; the shelf in the front closet was not firmly attached; the smoke detector in the hall leading to the master bedroom was hanging loose; the shelves in the china closet were not assembled; there was no T joint connecting the master bath to the hot water tank; the heater unit was loose in its alcove; and a full set of keys was not delivered with the home.

Compton telephoned Alcorn on three separate occasions to inquire about this delay in completing the installation, during the period of July 14, 1975 to August 18, 1975, during which period Mrs. Compton was in Alabama. Furthermore, he and his son finished leveling and blocking the home, and fixed the cabinet support around the dishwasher.

The only other work Alcorn did was the repair to the carpet, and the securing of the heater unit on August 1 and 2, 1975. Sometime between July 10, 1975 and August 1, 1975, the T joint to connect the master bath and the hot water tank was also installed. Alcorn contends that the remainder of the installation could not be completed until the utilities were hooked up, and such was the obligation of Comptons.

During the last of July, water damage and stains appeared in the ceiling of the family room and the hall in the north end of the home from roof leaks after a rainstorm. On August 8, 1975 Compton discovered the furnace was not vented to the outside, leaving the furnace unusable and dangerous. Smoke damage to the ceiling was also present above the heater, indicating the furnace had been started sometime prior to delivery, even though no vent was installed.

Following this last discovery, Compton awaited his wife's return, contacted an attorney and sent his notice of rescission to Alcorn August 25, 1975. Alcorn made no attempt to contact the Comptons, contacted his attorney, and this suit followed.

Alcorn questions the findings of fact and conclusions of law of the district court granting rescission, specifically:

- 3 -

1) That Comptons had performed their obligations under the contract;

2) That there was a substantial failure of consideration promised by Alcorn to Comptons;

3) That rescission of the contract was in order; and

4) Comptons were entitled to reasonable attorney fees.

The scope of review applied to a district court's findings of fact and conclusions of law is that this Court will not disturb such if they are supported by the evidence and the law. Brady v. State Highway Comm'n, 163 Mont. 416, 517 P.2d 738; Timmerman v. Gabriel, 155 Mont. 294, 470 P.2d 528; Wash. Water Power Co. v. Morgan Elec. Co., 152 Mont. 126, 448 P.2d 683.

As to the first issue for review, the record discloses that Comptons had paid all monies then owing under the contract, which was their only obligation within the terms of this contract. The contract itself makes no mention of the Comptons' obligation to have the utilities in working order before final installation. There, also, was conflicting evidence as to the understanding of the parties that complete hookup of the utilities was essential to final installation of the mobile home. Both Comptons testified that the water, sewer, and gas lines had been extended to the site of the home, but were not connected because they did not intend to keep the mobile home because of its many defects. Furthermore, we fail to see that the utilities were essential to complete bolting the unit together, fixing the cabinet support around the dishwasher, hanging and installing the light fixtures in the dining room and master bathroom, properly installing the smoke detector, replacing a damaged dining room table, assembling the china closet shelves, firmly attaching the front closet shelf, and providing a usable and properly vented furnace.

- 4 -

The record also supports the district court's finding that there was a substantial failure of consideration promised by Alcorn. Comptons sold their family home in Great Falls, Montana as a result of marital problems. Then, after reconciliation, the family moved into a small three room house in Vaughn, Montana, in which Mr. Compton had been living, until adequate housing was found. Alcorn was made aware of this situation and the primary object of the Comptons was to purchase a new mobile home to provide readily available housing for them and their three children.

Expert witness testimony from the city of Great Falls mechanical inspector was that the furnace lacked proper venting, was dangerous to use and as such violated sections 69-2122 and 69-2123, R.C.M. 1947, which adopts national construction standards for mobile homes issued by United States of America Standards Institute. He also testified the mobile home violated these standards for its failure to have another smoke detector in the hall leading to the two bedrooms at the opposite end of the home from the master bedroom. This evidence combined with the other defects substantiates the district court's finding there was a substantial failure of consideration promised by the seller Alcorn.

Alcorn next alleges the district court abused its discretion in allowing rescission of the contract. It is not the duty of this Court to determine whether we agree with the district court's conclusions, if supported by the evidence and the law. Stromberg and Brown v. Seaton Ranch Co., 160 Mont. 293, 502 P.2d 41. The district court concluded that the partial breach was so substantial and fundamental as to defeat the object of the parties in making the agreement, and that the Comptons did all that was necessary to effectuate rescission. This is a correct

statement of the law allowing rescission of a contract for partial breach. Johnson v. Meiers, 118 Mont. 258, 164 P.2d 1012. Furthermore, there is evidence to support that conclusion.

The last issue concerns the award of attorney fees to Comptons. The contract did provide attorney fees to the holder of the contract, should such holder bring a default action on the contract. Section 93-8601.1, R.C.M. 1947, provides a reciprocal right to attorney fees to all parties to the contract in any action on the contract. We reject Alcorn's interpretation of section 93-8601.1, R.C.M. 1947, that the reciprocal right to attorney fees exists only when the party who has the right to attorney fees under the contract institutes the action. A reading of the section displays the incorrectness of that interpretation:

> "Whenever by virtue of the provisions of any contract or obligation in the nature of a contract, made and entered into after the effective date of this act, one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees, and the prevailing party in any such action, whether by virtue of the express contractual right, or by virtue of this act, shall be entitled to recover his reasonable attorney fees from the losing party parties." (Emphasis supplied.)

Seller Alcorn is correct in his contention that evidence is required to be introduced at trial to allow an award of attorney fees to either party. Crncevich v. Georgetown Recreation Corporation, _____ Mont._____, 541 P.2d 56, 32 St. Rep. 963. However, such evidence was introduced when the district court on motion of Comptons, allowed the case to be reopened after a motion to amend the findings and conclusions by the seller Alcorn.

Alcorn contends the motion of Comptons was one governed by Rules 52 and 59, M.R.Civ.P., and as such was not made within the time allowed under those rules, and that the court lost jurisdiction to entertain the motion pursuant to those rules. These rules govern motions to amend the district court's findings and motions for a new trial, respectively. Comptons made neither. What they did was move the district court to reopen the case for taking further testimony; they did not want the findings and conclusions altered.

It is well settled that the ruling upon a motion to reopen a case for taking further testimony is within the sound discretion of the district court, which will only be reversed on appeal for manifest abuse of that discretion. Gilcrest v. Bowen, 95 Mont. 44, 24 P.2d 141; Nadeau v. The Texas Company, 104 Mont. 558, 69 P.2d 586; Kipp v. Wong, 163 Mont. 476, 517 P.2d 897.

The testimony was to attorney fees was offered to support an affidavit previously filed during the trial, a practice accepted by this particular district court prior to Crncevich. Also a more accurate account of the time spent on the case by Comptons' attorney, up to and including motions to amend the findings of fact and conclusions of law, could be provided at this time. We find no manifest abuse of the district court's discretion in reopening the case to allow this testimony under these circumstances.

The judgment is affirmed.

Chief Justice.

- 7 -

We Concur:

_____

_____
Justices.

_____
Hon. Jack L. Green, District
Judge, sitting for Justice
Wesley Castles.

Mr. Justice Gene B. Daly dissenting:

I dissent.

I do not agree with the fault assigned in the factual recitation by the majority opinion. The purchasers had improperly prepared the site for such a large building and thereafter many problems did occur on both sides of the agreement. I fail to find any breach by the seller of such a substantial and fundamental nature as to defeat the object of the parties to the contract.

I further find, in any event, the purchasers did not proceed properly to effectuate a rescission. I further feel the reopening of the case for further testimony was a manifest abuse of discretion. The cause should be reversed and remanded for a new trial.

_____
Justice.