No. 13467

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

JOHN B. BAUER and EDNA BAUER,

        Plaintiffs and Appellants,

    -vs-

WILFRED CHAUSSEE and CHAUSSEE
SAPPHIRE MINES, a Montana
Corporation,

        Defendants and Respondents.

---

Appeal from:  District Court of the Third Judicial District,
           Honorable Edward T. Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        Skelton and Knight, Missoula, Montana
        Robert R. Skelton argued, Missoula, Montana

    For Respondents:

        Radonich, Brolin and Reardon, Anaconda, Montana
        William A. Brolin argued, Anaconda, Montana

---

Submitted:  April 18, 1977

Decided: AUG 2 1977

Filed:  AUG 2 1977

_Thomas J. Kearney_
                 Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This is an appeal from an order of the district court, Granite County, granting a temporary injunction restraining plaintiffs from any media advertising of their trade and ordering the removal of plaintiffs' mobile home from defendants' land.

The parties hereto are related. Defendant Wilfred Chaussee is the brother of plaintiff Edna Bauer. The parties mutually effected an agreement in 1971. The substance of that agreement is the subject of this suit. Defendants are purchasing the Chaussee Sapphire Mine and adjoining land by contract. Plaintiffs claim a parcel of land located at the mine, upon which their mobile home is located and base their claim upon defendants' alleged oral promises which induced plaintiffs to move from Seattle, Washington, to Montana. Defendants deny plaintiffs' allegations, but admit that if plaintiffs placed a permanent residence upon the premises, defendants would have a first option to purchase that residence.

Plaintiffs terminated their employment with defendants at the end of the 1974 tourist season. Upon termination of the working arrangement, defendants requested, and later acquired a court order requiring plaintiffs to remove their mobile home from the premises.

In addition to the dispute over the parcel of land, plaintiff John Bauer became associated with a competing sapphire mine and proceeded to advertise his availability for faceting and his disassociation with defendants' mine. Defendants petitioned the district court to enjoin this advertising.

A show cause hearing was held. From this hearing, the district court continued the temporary injunction restraining plaintiffs from any media advertising of their trade and ordered plaintiffs to remove their mobile home from defendants' property. Plaintiffs appeal from that order.

The issues raised by plaintiffs are:

1. Did the district court err in restraining plaintiffs from advertising their business?

2. Did the district court err in ordering plaintiffs to remove their mobile home from defendants' property?

The first issue raises the subject of commercial speech. Commercial speech has long been protected by the United States Supreme Court, even though the speaker's interest is largely economic. Bates v. State Bar of Arizona, No. 76-316, 45 U.S. Law Week 4895,4899 (June 27, 1977):

> "* * * Nonetheless, we held that commercial speech of that kind was entitled to the protection of the First Amendment.
>
> "Our analysis began * * * with the observation that our cases long have protected speech even though it is in the form of a paid advertisement * * *. In short, such speech serves individual and societal interests in assuring informed and reliable decision-making. * * *."

Montana's Constitution protects freedom of speech. Art. II, Section 7, 1972 Montana Constitution:

> "* * * Every person shall be free to speak or publish whatever he will on any subject, being responsible for all abuse of that liberty. * * *"

The trial record establishes plaintiffs made no agreement prohibiting advertising. In addition, a contract to restrain trade or business is void except for two exceptions. Section 13-807, R.C.M. 1947. Contractual restraint of trade is allowed when: (1) Good will of a business is sold, section 13-808, R.C.M. 1947; or (2) a partnership dissolution agreement so provides,

section 13-809, R.C.M. 1947. These two exceptions require strict compliance before a restriction becomes valid. Western Montana Clinic v. Jacobson, _____Mont._____, 544 P.2d 807, 811, 33 St.Rep. 37 (1976). No showing was made by defendants that an agreement restricting advertising existed, nor that plaintiffs fell within either exception.

Under the facts the effect of the above stated authority is to guarantee the right of plaintiffs to advertise the availability, nature and prices of their products and services. The temporary injunction restraining plaintiffs from exercising their right of commercial speech was error.

Plaintiffs' second issue challenges the order requiring plaintiffs to remove their mobile home from defendants' property. Following the show cause hearing, the district court stated:

> "It is the opinion of the Court that at this hearing the testimony of the parties to this action, and particularily to the testimony of the Respondents, that they have not shown cause sufficient to convince the Court that they should continue to occupy the property in question with their trailer and improvements, which are additions which have been made."

In Luppold v. Lewis, _____Mont._____, 563 P.2d 538, 34 St.Rep. 227, 229 (1977), the Court stated:

> "When reviewing findings of fact and conclusions of law of a district court, sitting without a jury, this Court has repeatedly held such findings and conclusions will not be disturbed if supported by substantial evidence and by the law. Compton v. Alcorn, _____Mont._____, 557 P.2d 292, 33 St.Rep. 1186 (1976); Brady v. State Highway Comm'n, 163 Mont. 416, 517 P.2d 738; Timmerman v. Gabriel, 155 Mont. 294, 470 P.2d 528; Wash. Water Power Co. v. Morgan Electric Co., 152 Mont. 126, 448 P.2d 683. When reviewing evidence it will be viewed in the light most favorable to the prevailing party in the district court, and the credibility of witnesses and the weight assigned to their testimony is for the determination of the district court in a nonjury trial. Johnson v. Johnson, _____Mont._____, 560 P.2d 1331, 34 St.Rep. 101; Hellickson v. Barrett Mobile Home Transp. 161 Mont. 455, 507 P.2d 523; Strong v. Williams, 154 Mont. 65, 460 P.2d 90; Eliason v. Eliason, 151 Mont.409,443 P.2d 884."

This Court finds substantial evidence to support the district court's order requiring plaintiffs to remove their mobile home from defendants' property. Further, the district court order applied only to plaintiffs' mobile home and was made without prejudice for any claim which plaintiffs may later pursue.

This cause is affirmed in part and reversed in part. It is remanded to the district court to amend in accord with this decision.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices.