No. 13620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

CARL LAUTERJUNG,

        Plaintiff and Appellant,

-vs-

CARLTON J. JOHNSON,

        Defendant and Respondent.

---

Appeal from: District Court of the Eighteenth Judicial
           District,
           Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Vadala, Schwickert & Hanson, Kalispell, Montana
        Randy Schwickert argued, Kalispell, Montana

    For Respondent:

        Brown, Pepper and Kommers, Bozeman, Montana
        William L. Pepper argued, Bozeman, Montana

---

                Submitted: October 3, 1977

                   Decided: DEC 12 1977

Filed: DEC 12 1977

_Thomas J. Kearney_
                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This case concerns the interpretation and effect of a partnership dissolution agreement entered into by appellant and respondent. Appellant brought this action to recover damages alleged to have been due him under the partnership dissolution agreement. Respondent counterclaimed for the sum of $2,000.

The District Court entered judgment in favor of respondent for the sum of $2,000 on the grounds that the agreement was ambiguous and that the ambiguity should be construed against the appellant in light of the fact that he prepared the agreement.

The District Court found that the damages claimed by appellant were not of a type for which respondent agreed to be responsible and were incurred prior to a final testing or inspection of certain work the partnership was obligated to perform. The court concluded that respondent was only responsible for extraordinary expenses of the partnership incurred subsequent to the final testing or inspection. The court further concluded that damages incurred by appellant subsequent to the said final testing or inspection were not extraordinary and that appellant owed respondent the sum of $2,000, together with interest from December, 1974.

Following the entry of judgment, appellant moved to amend the findings of fact, conclusions of law and judgment. Appellant's motion was denied and he now appeals to this Court.

In the summer, 1973, appellant and respondent entered into an oral partnership agreement creating the Trails End Construction Company. The partnership was engaged in the business of constructing water, sewer and sanitary sewer lines. In November, 1973, the partnership entered into a contract with Rural Special Improvement District No. 305 at Big Sky, Montana, to install a sanitary sewer line. Respondent undertook the responsibility of

supervising all field work involved in installing the sewer line. Appellant assumed the administrative and managerial duties on behalf of the partnership.

The partnership began work on the sewer line in November, 1973. By April, 1974, the sewer line was approximately 92% completed. On April 13, 1974, appellant and respondent agreed to dissolve their partnership and the agreement in question was signed. Appellant prepared the dissolution agreement. Prior to the dissolution appellant had expressed concern with the quality of the work on the Big Sky project.

Under the terms of the dissolution agreement, appellant agreed to complete the construction of the sewer line and to pay respondent the sum of $5,000. $3,000 of this amount was paid at the time the agreement was signed and the remaining $2,000 was to have been paid at the time the partnership received final payment from Rural Special Improvement District No. 305. The $2,000 payment was not made and is the basis for respondent's counterclaim.

The agreement provided as follows in regard to the completion of Rural Special Improvement District No. 305:

> "It is further agreed that Lauterjung will be solely responsible for all existing liabilities of the partnership with the exception of Rural Special Improvement District #305 located in Gallatin and Madison Counties, Montana. With regard to R.S.I.D. 305 it is agreed that Lauterjung will complete the work required on said project but due to the fact that Johnson has previously been primarily involved in the project and due to the fact that there may be required a testing of the installation involved in this project; if such testing or inspection shows a deficiency which results in expense which normally would not have been incurred as a part of said project, it is agreed that the parties shall share such expense equally."

As a result of the continuing testing and inspection of the project, deficiencies were revealed which allegedly resulted in abnormal expenses totaling $15,791.64. Appellant demanded one-half of this amount or $7,895.82 from respondent on March 22,

- 3 -

1975. Following respondent's failure to respond this action was commenced.

Two issues are before this Court upon appeal:

(1) Whether the evidence supports the District Court's finding of fact and conclusion of law that the dissolution agreement was ambiguous concerning the meaning of the terms "testing or inspection".

(2) Whether the evidence supports the District Court's findings of fact and conclusions of law that respondent's liability under the dissolution agreement was only for certain extraordinary partnership expenses arising as a result of a final testing or inspection.

This Court recently stated in Luppold v. Lewis, ____ Mont.____, 563 P.2d 538, 540, 34 St.Rep. 227 (1977), that:

> "When reviewing findings of fact and conclusions of law of a district court, sitting without a jury, this Court has repeatedly held such findings and conclusions will not be disturbed if supported by substantial evidence and by the law. Compton v. Alcorn, ____Mont.____, 557 P.2d 292, 33 St.Rep. 1186 (1976); Brady v. State Highway Comm'n, 163 Mont. 416, 517 P.2d 738; Timmerman v. Gabriel, 155 Mont. 294, 470 P.2d 528; Wash. Water Power Co. v. Morgan Electric Co., 152 Mont. 126, 448 P.2d 683. When reviewing evidence it will be viewed in the light most favorable to the prevailing party in the district court, and the credibility of witnesses and the weight assigned to their testimony is for the determination of the district court in a nonjury trial. (Citations omitted.) "

The crux of appellant's first issue is a determination of whether that portion of the dissolution agreement dealing with the testing and inspection of the Big Sky job is ambiguous. Appellant specifically takes issue with the District Court's finding that the phrase " * * * if such testing or inspection shows a deficiency which results in expense which normally would not have been incurred as a part of said project, it is agreed that the parties shall share such expense equally" is ambiguous. Appellant

- 4 -

argues that the testing or inspection referred to is the interim testing. Respondent, however, argues that his liability, if any, arose as a result of a final testing of the project.

We find an abundance of substantial evidence in the record which supports the District Court's finding of ambiguity. Appellant's Exhibit #1 is a copy of the job specifications prepared for the Big Sky job. A reading of these specifications clearly reveals that periodic tests and inspections as well as a final test were contemplated. Several types of tests were required to be performed at various stages in the construction. Appellant himself testified that his understanding of the term inspection meant that the owner or his engineer had the right to inspect the materials and workmanship at any time during construction. It is clear therefore that the dissolution agreement is ambiguous in regard to defining which inspection triggered respondent's duty to share the cost of modifications or corrections to the sewer line.

The core of appellant's second issue is a determination of whether the District Court correctly ruled that respondent was responsible for extraordinary partnership expenses arising as a result of the final test or inspection only.

In cases of uncertainty as to the meaning of a contract this Court has repeatedly followed the rule that the contract should be interpreted most strongly against the party who caused the uncertainty to exist. Section 13-720, R.C.M. 1947; Miller v. Walter, 165 Mont. 221, 527 P.2d 240; Miller v. Meredith, Hill and Whitfield, 149 Mont. 125, 423 P.2d 595. Appellant drafted the dissolution agreement so we must construe its terms most strongly against him in determining the intent of the parties.

The District Court ruled that the parties intended that appellant and respondent share the cost of modification or repair of the sewer line which was required after final inspection.

Appellant's argument that the testing and inspection contemplated by the parties was an interim testing simply was not accepted by the District Court. Substantial evidence is found in the record to support this ruling. Respondent testified concerning his understanding of the dissolution agreement:

> "Q. Did you have any discussions with the Plaintiff concerning the meaning of that language at the time you signed it? A. I asked him about it and he just clarified what I had already thought.
>
> "Q. What were the substances of those discussions? Just summarize it. A. Well, I asked him what it meant and what it involved. And he said that we had to do a lot of work after the final inspection. He expected me to help him do half of it, which I agreed to do.
>
> "Q. Was it your understanding that he agreed to finish the job? A. Yes.
>
> "Q. And the words 'Testing and Inspection' used in that paragraph, what did Mr. Lauterjung indicate to you that they meant? A. Well, the testing and final inspection before he sold it to Big Sky.
>
> "Q. Did he state that to you? A. Yes. It has been a long time, but I am positive it was."

Furthermore, on cross-examination, appellant himself admitted that:

> "Q. The language 'testing', Mr. Lauterjung, that implies a final testing; is that not correct? A. Yes."

The judgment of the District Court is affirmed.

_____
Justice

_____
Chief Justice

_____

_____

_____
Justices

- 6 -